# United States Court of Appeals
# for the Fifth Circuit

_____

No. 24-60391
_____

United States Court of Appeals
Fifth Circuit

**FILED**
July 29, 2025

Lyle W. Cayce
Clerk

Michelle Barnett,

*Plaintiff—Appellee*,

*versus*

American Express National Bank,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:20-CV-623

_____

Before Southwick, Oldham, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

American Express sued Michelle Barnett in state court over disputed charges. It failed to prosecute the case, which was dismissed. Later, Barnett brought FCRA claims against American Express. American Express moved to compel arbitration under its Cardmember Agreement, which the district court denied. Because American Express did not substantially invoke the judicial process as to Barnett's FCRA suit, we reverse.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-60391

*

In November 2016, cardholder Michelle Barnett began to dispute some charges to her American Express Business Gold Rewards account as fraudulent. She refused to pay these charges and later sent American Express three letters, requesting "information and documentation of [its] investigation into these charges."

In May 2019, American Express sued Barnett in state court seeking to collect her unpaid balance. The suit was later dismissed for American Express's failure to prosecute. In August 2020, Barnett sued American Express in state court. Among other things, she alleged American Express violated the Fair Credit Reporting Act ("FCRA") "by failing to perform reasonable investigations of the disputed" charges. The case was removed to the Southern District of Mississippi.

American Express moved to compel arbitration. Barnett opposed the motion, arguing that American Express's previous suit "waived any right [it] had to force [her] current claims into arbitration." The district court denied American Express's motion because its "state court action mirrors the claim Barnett wage[d] against American Express" in federal court because the parties merely "dispute[] whether she owes the sum."

*

This court's recent decision in *Forby v. One Technologies, LP* resolves this case. 13 F.4th 460, 462 (5th Cir. 2021). American Express did not waive its right to arbitrate Barnett's FCRA claim. Because American Express's initial state court action involved different claims than Barnett's later FCRA suit, it did not substantially invoke the judicial process as to those claims.

A party can waive its right to arbitration by substantially invoking the judicial process. *Garcia v. Fuentes Rest. Mgmt. Servs. Inc.*, 141 F.4th 671, 676

2

(5th Cir. 2025). *Forby* reiterated that "[f]or waiver purposes, a party only invokes the judicial process to the extent it litigates *a specific claim* it subsequently seeks to arbitrate." 13 F.4th at 465. (emphasis in original) (quotation omitted). That rule is nothing new. In fact, this court has made "repeated statements" saying so—both before and after *Forby*. *Id.* at 466. *See*, *e.g.*, *Subway Equip. Leasing Corp. v. Forte*, 169 F.3d 324, 328–29 (5th Cir. 1999) ("[I]n order to invoke the judicial process, a party must have litigated *the claim that the party now proposes to arbitrate*." (emphasis added)); *Garcia*, 141 F.4th at 676 (emphasizing that substantial invocation remains the touchstone for waiver).

American Express did not substantially invoke the judicial process on Barnett's FCRA claim by suing to collect her debt. Its previous suit brought only a generic breach of contract claim under Mississippi law. That is undoubtedly a different claim than Barnett's subsequent FCRA action, which American Express immediately sought to arbitrate. *Cf. Forby*, 13 F.4th at 466 ("[W]aiver as to originally-asserted state claims does not extend to later-pled federal claims.").

*Forby* teaches that it is not sufficient that both claims arise from the same facts. That decision reversed a district court's denial of a motion to compel arbitration because the two claims "turned on the same core of operative facts." *Id.* at 464 (quotation omitted). Just because the two claims involved the same factual predicate—Barnett's debt—does not mean they are the same.

Barnett argues that *Forby* does not bar her suit because whether she owed the money would have resolved the 2018 breach claim, and "is a threshold issue," for her FCRA claim because "accuracy is a complete defense." That theory cannot survive *Forby*'s rejection of the idea that "a claim in this context means any allegation stemming from the same nucleus

of operative facts." *Forby*, 13 F.45th at 466 n.12. And Barnett is wrong to contend "both claims involve the same specific claim." Rather, both claims involve the same facts to establish an element or affirmative defense. That does not satisfy *Forby*'s "same claim" rule.

\*     \*     \*

For the foregoing reasons, we REVERSE and REMAND for further proceedings consistent with this opinion.